IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHWANDA RICHARDSON,

PLAINTIFF,

                          CIVIL ACTION NO.

               v.                         JURY TRIAL DEMANDED

QSR HOSPITALITY, LLC,
& KAREN ROLLINS,

DEFENDANTS.

COMPLAINT

## I.   JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*   District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331.   The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II.   PARTIES

2.     Plaintiff, Shwanda Richardson, (hereinafter "Plaintiff" or Richardson) is a resident of Brewton, Escambia County, Alabama, and performed work for the Defendant in the counties composing the Southern District of Alabama during the events of this case.   Plaintiff was an employee within the contemplation of 29 U.S.C.

§ 203(e)(1).  Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Southern District, Southern Division.

3.     Defendant QSR Hospitality. (hereinafter "Defendant"), is a foreign company registered and doing business in the State of Alabama.  Therefore, this Court has personal jurisdiction over Defendants.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4.     Defendant Karen Rollins (hereinafter "Rollins" and/or "Defendant") is an employer within the meaning of the FLSA, as she was involved in the day-to-day operations of Defendant.  Defendant Rollins is a resident of Escambia County, Alabama.

## III.   STATEMENT OF FACTS

5.     Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-4 above.

6.     Defendant hired Plaintiff on or about January 12, 2017.

7.     Defendant employed Plaintiff as a Cashier at its Church's location at store number 1603 in Brewton, Alabama.

8.     At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

9.     During the two years preceding the filing of this complaint, Plaintiff typically worked over forty hours in a work week.

## IV.    COUNT ONE – FLSA – OVERTIME VIOLATIONS

10.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-9 above.

11.    During the two years preceding the filing of this Complaint, Defendant has been an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

12.    During the two years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

13.    Defendant's gross annual volume of revenue exceeds $500,000.

14.    At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

15.    During the two years preceding the filing of this Complaint, Plaintiff, and all other similarly situated cashiers were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

16.    Plaintiff and all similarly situated cashiers employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant.  Plaintiff's interstate commercial activity included, but was not limited to, preparing food and selling products that originated

3

out of state or outside of the United States, and processing credit card and debit card transactions that crossed state lines.

17.     During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

18.     Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

19.     At the beginning of Plaintiff's employment, Defendant generally scheduled Plaintiff to work from 10:00 a.m. to 4:00 p.m. six days a week.

20.     Plaintiff worked until the scheduled end time and then Karen Rollins General Manager, or another shift manager, collected Plaintiff's drawer and they counted down the drawer together and verified that it balanced the company's transaction logs.

21.     On average, the countdown process took at least 10 minutes each day.

22.     Since the beginning of Plaintiff's employment, Rollins engaged in a practice of clocking-out Plaintiff each day for a 30-minute lunch break even though Plaintiff was still working and did not have a chance to disengage from her normal working duties for the purpose of a regularly scheduled meal.

23.     To do this, Rollins used her computer to manually adjust the hours to include a break that had never been granted.

24.     Rollins is open about the practice of clocking-out her employees even though they were still working; and, on many occasions, Rollins told Plaintiff and other similarly situated employees that she has clocked them out even though they had not actually taken a break.

25.     Plaintiff asked Rollins why she clocked her out when she was still working.

26.     Rollins responded that she needed to get her labor hours down to 17% of her sales so she could make her bonus.

27.     As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V.     COUNT TWO – FLSA – MINIMUM WAGE VIOLATION

28.     Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-27 above.

29.     Defendant paid Plaintiff the federal minimum wage of $7.25 per hour worked.

30.     Defendant failed to pay Plaintiff for all hours worked in a work week.

31.     At the beginning of Plaintiff's employment, Defendant generally scheduled Plaintiff to work from 10:00 a.m. to 4:00 p.m. six days a week.

32.      Plaintiff worked until the scheduled end time and then Karen Rollins General Manager, or another shift manager, collected Plaintiff's drawer and they

counted down the drawer together and verified that it balanced the company's transaction logs.

33.    On average, the countdown process took at least 10 minutes each day.

34.    Since the beginning of Plaintiff's employment, Rollins engaged in a practice of clocking-out Plaintiff each day for a 30-minute lunch break even though Plaintiff was still working and did not have a chance to disengage from her normal working duties for the purpose of a regularly scheduled meal.

35.    To do this, Rollins used her computer to manually adjust the hours to include a break that had never been granted.

36.    Rollins is open about the practice of clocking-out her employees even though they were still working; and, on many occasions, Rollins told Plaintiff and other similarly situated employees that she has clocked them out even though they had not actually taken a break.

37.    Plaintiff asked Rollins why she clocked her out when she was still working.

38.    Rollins responded that she needed to get her labor hours down to 17% of her sales so she could make her bonus.

39.    Because of the persistent deductions of hours actually worked, Plaintiff's pay was reduced below the FLSA's mandatory minimum wage.

40.     As a result of Defendant's violation of the FLSA, Plaintiff has been damaged by Defendant's failure to pay Plaintiff the federal minimum wage for every hour worked.

## VI.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court award Plaintiff the amount of her unpaid minimum wages, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C.     That Plaintiff be granted judgment against Defendants for all reasonable attorneys' fees, costs, disbursements and interest; and

D.     For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
205.252.1550 - Office
205.502.4476 – Facsimile

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

## PLEASE SERVE DEFENDANTS AT:

QSR Hospitality, LLC
c/o National Registered Agents, Inc.
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

Karen Rollins
1008 Belleville Avenue, Apt. 4
Brewton, AL 36426-1581

8